UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHERINE MARIA PINNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:22 CV 870 CDP |
| | ) |
| AMERICAN ASSOC. OF ORTHODONTISTS, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff was working for defendant when the COVID-19 pandemic struck in 2020. Like many Americans, she then began working remotely; however, when plaintiff was later required to attend a couple of in-person work events in the summer of 2021 and either wear a mask or provide proof of vaccination,[1] she objected on religious grounds and requested an accommodation.[2] These events took place in the City of St. Louis, which was under a public health order requiring everyone to wear a mask to prevent the spread of COVID-19.

---

[1] Although plaintiff repeatedly refers to all vaccinations as "MRNA injections," the Johnson & Johnson vaccine does not employ messenger RNA (mRNA) technology. *Together Employees v. Mass. Gen. Brigham Inc.*, 573 F. Supp. 3d 412, 424 (D. Mass. 2021), *aff'd* 32 F.4th 82 (1st Cir. 2022).

[2] The amended complaint refers to her request for exemption from wearing a face covering and/or attending the event in person.

According to plaintiff, being vaccinated and/or wearing a mask violated her religious beliefs as an "American Traditional Christian, Croatian Roman Catholic,"[3] as well as her constitutional rights[4] to her "nose, mouth, air, breathing, and her own conscience" which are "certain, unalienable, SACRED rights by **GOD**."  (ECF 15-1 at 2) (emphasis in original).  Plaintiff alleges that her requests for accommodation were denied and that she was required to attend the "hybrid remote/in-person" event in person despite the company having a "100% remote work policy" for employees in effect at the time.

Plaintiff alleges that she was retaliated against for continuing to request an accommodation after her requests were denied by being forced to provide a doctor's note exempting her from wearing a face covering when she repeatedly informed defendant that she had a religious belief which prohibited the wearing of face coverings.  Plaintiff alleges that she was told at the end of the work day that she had to provide this note before the scheduled start of the event the next morning or attend in person and wear a face covering.[5]  Plaintiff alleges that this request was retaliatory

---

[3] Plaintiff also alleges that providing her employer with a doctor's note explaining why she could not comply with this requirement was also "a violation of her religion and strongly/sincerely held religious belief."  (ECF 15-1 at 11-12).   She claims that "certain, unalienable rights that come from God do not require notes."  (ECF 15-1 at 3).

[4] Plaintiff alleges that the Second, Fourth, Ninth, and Tenth Amendments are being violated. (ECF 15-1 at 2-3).

[5] As mentioned above, plaintiff alleges that providing such a note would also violate her sincerely held religious beliefs.

because defendant knew that she could not get such a doctor's note in time, especially during the pandemic.

Plaintiff alleges that she was mocked and questioned by defendant about the sincerity of her beliefs and harassed by defendant, which continually told her what she "should" believe.  Plaintiff alleges that she was forced to work overtime as retaliation for requesting an accommodation and that she was forced to respond to defendant's unreasonable requests about her accommodation on personal time.

Plaintiff continued to work remotely after these in-person events for a few weeks but then quit in August of 2021, claiming that she was constructively discharged based on the "ultimatum" that she either wear a mask or show proof of vaccination for in-person work events.

Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights and the EEOC alleging religious discrimination and retaliation.  After being issued a Right-to-Sue Letter, plaintiff filed a pro se complaint[6] in this Court, which she was granted leave to amend upon her request.  (ECF 15, 17).

Plaintiff's amended complaint alleges that her employer violated her constitutional rights and Title VII by failing to accommodate her religious beliefs

---

[6] The original complaint was submitted on the Court's form Employment Discrimination Complaint and alleged violations of Title VII and "violation of certain, unalienable, SACRED (emphasis in original) rights to internal systems, respiratory system, immune system, and conscience as defined under the Constitution of the United States of America and the Bill of Rights."  (ECF 1 at 1-2).

and retaliating against her for asserting her religious beliefs. Defendant moves to dismiss plaintiff's amended complaint under to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and plaintiff has filed an opposition.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. In ruling on such a motion, I must accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Hager v. Arkansas Dept. of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 657 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570) (2007)); *Warmington v. Bd. of Regents of Univ. of Minnesota*, 998 F.3d 789, 795 (8th Cir. 2021) (same).

A claim is facially plausible where the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 657. This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Specific facts are not required; the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 555). Legal conclusions "must be supported by factual allegations." *Id.* at 679. Absent such support, the Court "is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (citations and internal quotations omitted).

Plaintiff cannot bring constitutional claims against her former employer, a private actor, as the amended complaint is devoid of any allegations that defendant was acting "in a joint action with [state actors] under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531 (8th Cir. 1999); *Obregon v. Capital Quarries Co., Inc.*, 833 Fed. Appx. 447, 448 (8th Cir. 2021) (affirming that employees could not bring constitutional claims against former employer "because there was no indication that [employer] was a state actor or participated in joint activity with a state actor."). All claims in plaintiff's amended complaint that allege that defendant violated her constitutional rights, are summarily dismissed.

Title VII makes it illegal for any employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The statute defines "religion" as including "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably

accommodate to an employee's religious observance or practice without undue hardship on the conduct of the employer's business." *Sturgill v. United Parcel Service, Inc.*, 512 F.3d 1024, 1029–30 (8th Cir. 2008); *E.E.O.C. v. Kelly Servs., Inc.*, 598 F.3d 1022, 1031 (8th Cir. 2010) (citing 42 U.S.C. § 2000e(j)) (law requires an employer to "accommodate a worker's religious beliefs unless doing so would create an undue hardship.").

The anti-retaliation provision of Title VII prohibits an employer from retaliating against an employee who has "'opposed' a practice that Title VII forbids or has 'made a charge, testified, assisted, or participated in' a Title VII 'investigation, proceeding, or hearing.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59 (2006) (quoting § 2000e–3(a)).  As plaintiff filed her Charge of Discrimination after she left her employment, only the "opposition clause" is at issue in this case. *See E.E.O.C. v. North Memorial Health Care*, 908 F.3d 1098, 1101 (8th Cir. 2018).

At the pleading phase, a plaintiff need not plead facts establishing a *prima facie* case for a Title VII claim. *Warmington*, 998 F.3d at 796. Since "the prima facie model is an evidentiary, not a pleading standard . . . there is no need to set forth a detailed evidentiary proffer in a complaint." *Id.* (quoting *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016)).  However, the "elements of the prima facie case are [not] irrelevant to a plausibility determination in a discrimination suit." *Id.* (quoting *Blomker*, 831 F.3d at 1056).  The elements are "part of the background

6

against which a plausibility determination should be made." *Id.* (quoting *Blomker*, 831 F.3d at 1056). Therefore, "[w]hile a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, *the complaint must include sufficient factual allegations to provide the grounds on which the claim rests.*" *Blomker*, 831 F.3d at 1056 (quoting *Gregory*, 565 F.3d at 473) (emphasis in original).[7] "But to state a claim to relief that is plausible on its face, a plaintiff must plead facts that would establish the ultimate elements of her claim." *Du Bois v. Board of Regents of University of Minnesota*, 439 F. Supp. 3d 1128, 1135 (D. Minn. 2020).

Construing plaintiff's pro se allegations liberally and accepting the factual allegations as true as I must for purposes of deciding this motion only, plaintiff's Title VII claims survive dismissal at this time. Plaintiff has alleged that she informed defendant of her religious beliefs and requested accommodations based upon her religious beliefs, which were denied, and that she was required to attend the hybrid

---

[7] In the absence of direct evidence of discrimination, "to establish a prima facie case of religious discrimination, a plaintiff must show: (1) she is a member of a protected class because of her religious beliefs, (2) she met her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination." *Shirrell v. St. Francis Medical Center*, 793 F.3d 881, 887 (8th Cir. 2015) (cleaned up). "Circumstances giving rise to an inference of discrimination include treating similarly situated employees who are not members of the protected class in a different manner." *Id.* (cleaned up).

A *prima facie* case of retaliation requires plaintiff to show that (1) she engaged in protected conduct, (2) she suffered an adverse employment action, and (3) the adverse action was causally linked to the protected conduct. *See Stewart v. Indep. Sch. Dist. No. 196*, 481 F.3d 1034, 1042-43 (8th Cir. 2007).

event in person and wear a mask in accordance with company (and the City's) policy and in contravention of her sincerely held religious beliefs.  Defendant argues extensively that its vaccination and/or masking requirements were necessary precautions to protect the safety of all employees from the risks and spread of COVID-19.  However, plaintiff also alleges that she requested to attend the "hybrid" event remotely in accordance with the "100% remote work policy" for employees in effect at the time, that her in-person attendance was not required for this event, and that as it was a "hybrid" event other attendees participated remotely.  Defendant does not address the availability of and/or potential hardship of permitting plaintiff to participate in these events remotely as an accommodation to her religious beliefs.[8]

Defendant also argues that wearing a mask was a reasonable accommodation to vaccination.  However, this argument ignores plaintiff's allegation that her religious beliefs also preclude the wearing of a mask and that she repeatedly informed defendant of this fact.  Plaintiff further alleges that accommodations/exceptions to the vaccination and mask policies based upon disability were granted, whereas her request was not.  Instead, plaintiff alleges that she was retaliated against for continuing to request accommodation after being denied and/or offered only accommodations that were directly contrary to her

---

[8] In fact, defendant characterizes plaintiff's ability to remote work in general as an "accommodation" in its briefing.  (ECF 23 at 2).

religious beliefs. The alleged retaliatory activity included requiring her to (again) violate her religious beliefs by providing a doctor's note to support her requested religious accommodation, by being given less than 24 hours to produce the note in the midst of a pandemic, by being required to work overtime and provide responses about her requested accommodation on personal time, and by being harassed and ridiculed and questioned about her religious beliefs during the process of requesting an accommodation. Finally, plaintiff alleges that she was constructively discharged two weeks after the event because she was given an ultimatum of attending events in person without any religious accommodation. These allegations, if proven, state claims of religious discrimination and retaliation in violation of Title VII.

Whether plaintiff can ultimately prevail on her Title VII claims (either on summary judgment and/or after a trial on the merits) is not before me at this time, and this Memorandum and Order is not evidence that plaintiff has proven any aspect of her claims. I am only deciding that plaintiff should be allowed to conduct discovery in support of her claims.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [22] is granted only with respect to plaintiff's constitutional claims, and is denied with respect to plaintiff's Title VII claims.

9

**IT IS FURTHER ORDERED** that plaintiff's motion to expedite [27] is denied as moot.

**IT IS FURTHER ORDERED** that within 21 days from the date of this order, the parties shall meet in accordance with Rule 16 of the Federal Rules of Civil Procedure to discuss the following: the nature and basis of the parties' claims and defenses; the possibilities for a prompt settlement or resolution of the case and the propriety of alternative dispute resolution; the formulation of a discovery plan; any issues relating to preserving discoverable information; any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, the topics for such discovery and the time period for which such discovery will be sought, the various sources of such information within a party's control that should be searched for electronically stored information, and whether the information is reasonably accessible to the party that has it, in terms of the burden and cost of retrieving and reviewing the information; any issues relating to claims of privilege; and, any other topics listed below or in accordance with Fed. R. Civ. P. 16 and 26(f).

This meeting is expected to result in the parties reaching agreement on the form and content of a joint proposed scheduling plan as described below. Only <u>one</u> proposed scheduling plan may be submitted, and it must be signed by <u>all</u> parties. It will be the responsibility of counsel for the defendant to actually submit the joint

proposed scheduling plan to the Court.  If the parties cannot agree as to any matter required to be contained in the joint plan, the disagreement must be set out clearly in the joint proposal.

**IT IS FURTHER ORDERED** that within 28 days of the date of this Memorandum and Order the parties shall file with the Clerk of the Court a joint proposed scheduling plan.  **All dates required to be set forth in the plan shall be within the ranges set forth below for the applicable track:**

| Track 1: Expedited | Track 2: Standard | Track 3: Complex |
|---|---|---|
| *Disposition w/I 12 mos of filing | *Disposition w/I 18 mos of filing | *Disposition w/I 24 mos of filing |
| *120 days for discovery | *180-240 days from R16 Conf. for discovery/dispositive motions | *240-360 days from R16 Conf for discovery/dispositive motions |

**The parties' joint proposed scheduling plan shall include:**

(a)  whether the Track Assignment is appropriate; **NOTE: This case has been assigned to Preliminary Track <u>2:  (Standard).</u>**

(b)  dates for joinder of additional parties or amendment of pleadings;

(c)  a discovery plan including:

(i) any agreed-upon provisions for disclosure or discovery of electronically stored information,

(ii) any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production,

11

(iii) a date or dates by which the parties will disclose information and exchange documents pursuant to Fed.R.Civ.P. 26(a)(1),

(iv) whether discovery should be conducted in phases or limited to certain issues,

(v) dates by which each party shall disclose its expert witnesses= identities and reports, and dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case,

(vi) whether the presumptive limits of ten (10) depositions per side as set forth in Fed.R.Civ.P. 30(a)(2)(A), and twenty-five (25) interrogatories per party as set forth in Fed.R.Civ.P. 33(a), should apply in this case, and if not, the reasons for the variance from the rules,

(vii) whether any physical or mental examinations of parties will be requested pursuant to Fed.R.Civ.P. 35, and if so, by what date that request will be made and the date the examination will be completed,

(viii) a date by which all discovery will be completed **(see applicable track range)**;

(ix) any other matters pertinent to the completion of discovery in this case,

(d) the parties' positions concerning the referral of the action to mediation or early neutral evaluation, and when such a referral would be most productive; and

(e) dates for filing any motions to dismiss or motions for summary judgment **(see applicable track range).**

**A case management order will be issued by the Court after the joint proposed scheduling plan is filed, and that case management order will set out the deadlines that apply to this case and must be followed by the parties. The Court will set this case for trial, if necessary, following the resolution of any summary judgment motions. If no summary judgment motions are filed, the case will be set for trial after completion of discovery.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of March, 2023.