UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHERINE MARIA PINNER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:22 CV 870 CDP |
| AMERICAN ASSOC. OF ORTHODONTISTS, | ) ) ) ) |
| Defendant. | ) ) |

# MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion for sanctions under Rule 37 of the Federal Rules of Civil Procedure. ECF 45. Defendant seeks dismissal of plaintiff's action for her intentional refusal to comply with an Order of this Court. Plaintiff opposes the motion, and the issues are fully briefed. For the following reasons, the motion will be granted unless plaintiff complies with this Memorandum and Order in its entirety no later than **January 8, 2024**.

In this employment discrimination suit, plaintiff, who is proceeding *pro se*, alleges that her employer violated Title VII by failing to accommodate her religious beliefs. Plaintiff was working for defendant when the COVID-19 pandemic struck in 2020. Like many Americans, she then began working remotely; however, when plaintiff was later required to attend a couple of in-person work events in the summer of 2021 and either wear a mask or provide proof of vaccination, she objected on

religious grounds and requested an accommodation.  She alleges the accommodation was denied and that she was retaliated against for requesting an accommodation based on her religious beliefs.

According to plaintiff, being vaccinated and/or wearing a mask violates her religious beliefs as an "American Traditional Christian, Croatian Roman Catholic," as well as her rights to her "nose, mouth, air, breathing, and her own conscience" which are "certain, unalienable, SACRED rights by **GOD**."  ECF 15-1 at 2 (emphasis in original).  Plaintiff also alleges that providing her employer with a doctor's note explaining why she could not comply with this requirement is also "a violation of her religion and strongly/sincerely held religious belief."  ECF 15-1 at 11-12.  She claims that "certain, unalienable rights that come from God do not require notes."  ECF 15-1 at 3.

Plaintiff filed a "cease and desist" motion in October to prevent defendant from "harassing" her by requesting discovery related to her allegations.  ECF 40.  I denied that motion, telling her explicitly:

> To the extent plaintiff is requesting that she be excused from her discovery obligations because she believes she should not be required to answer questions about her religious beliefs or the nature of her claims and damages, which she alleges includes emotional, physical, and mental pain and suffering, the motion is denied.  Plaintiff chose to bring this lawsuit and has placed the nature and sincerity of her religious beliefs at issue as a result.  Accordingly, she must answer questions and provide information and documents respecting her claim and her refusal to do so may result in the imposition of sanctions, including the dismissal of her claim.  The same is

true of her claimed damages and subsequent employment history, which relates to her mitigation of damages.

ECF 43. After my October 16, 2023 Memorandum and Order issued, the parties met and conferred about outstanding discovery obligations,[1] and plaintiff agreed to provide the information as ordered.

Although plaintiff removed some of her meritless objections from her discovery responses, she continues to object to providing copies of her immunization records.[2] She also refuses to execute medical and employment authorizations, claiming that to provide medical records or execute releases for

---

[1] To the extent defendant was obligated to meet and confer before filing this motion, this meeting satisfied its obligation to do so.

[2] Plaintiff objects as follows:

> To the extent that this is asking for medical records from a third party, Plaintiff is unable to comply with this request due to Plaintiff's religion and strongly / sincerely held religious beliefs.
>
> Plaintiff again submits the following statement to Defendant based on Plaintiff's religion and strongly / sincerely held religious beliefs: I cannot for religious reasons defer care of my body, my soul, my conscience, my mind, and my actions to another human being regardless of title, education, or occupation. Doing so is against my religion and my strongly / sincerely held religious belief. God has given me responsibility over these, and I am accountable to God and this body which God has so graciously given me. I have responsibility over my body, not another man. This is my testimony to God who gives me breath and life.
>
> Plaintiff again submits the following statement to Defendant based on Plaintiff's religion and strongly / sincerely held religious beliefs: **THE CREATOR** - not the corporation, the congress, or the court – endowed the human with the certain, unalienable, SACRED right over the inside of the body (respiratory system and immune system). This right does not end or begin on the doorstep of the office. It is a basic, human right. The Plaintiff is endowed with certain, unalienable, SACRED rights by **GOD.**

ECF 47-6 at 11.

medical and employment records would violate her sincerely held religious beliefs. If true, plaintiff knew of these limitations before filing this lawsuit and chose to proceed anyway.

As I have already stated once, plaintiff has placed the nature and sincerity of her religious beliefs at issue in this case, along with her medical and employment history as part of her claimed damages. Defendant is entitled to have this requested information, and plaintiff's continued refusal will result in the dismissal of this case.

Plaintiff will not be afforded another opportunity to provide this information. She must execute the medical and employment authorizations provided to her and produce the immunization records requested in Request for Production 16 no later than **January 8, 2024** or the motion for sanctions will be granted and this case will be dismissed without further warning by the Court. Defense counsel shall file a Memorandum and Affidavit with the Court attesting to plaintiff's compliance or non-compliance with this Memorandum and Order, together with any supporting documentation, no later than **January 19, 2024.**

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff must execute the medical and employment authorizations provided to her and produce the immunization records requested in Request for Production 16 no later than **January 8, 2024**, **or the**

4

**motion for sanctions will be granted and this case will be dismissed without further warning by the Court**.

    **IT IS FURTHER ORDERED** that defense counsel shall file a Memorandum and Affidavit with the Court attesting to plaintiff's compliance or non-compliance with this Memorandum and Order, together with any supporting documentation, no later than **January 19, 2024.**

    **IT IS FURTHER ORDERED** that the Case Management Order's deadlines for filing and briefing dispositive motions are vacated and will be reset if needed after resolution of the motion for sanctions.

                                    _____
                                    CATHERINE D. PERRY
                                    UNITED STATES DISTRICT JUDGE

Dated this 14th day of December, 2023.