1.01 Explanatory: Before Voir Dire

Members of the Jury Panel, we are about to begin the process of selecting which of you will be the jury that tries this case. In that process you will be asked questions by me or by the attorneys or by both that touch on your qualifications to sit as jurors in this case. You will be placed under oath or asked to affirm that you will truthfully and completely answer these questions put to you.

Your undivided attention to this process is very important. So, if you have a cell phone or other communication device, please take it out now and turn it off. Do not turn it to vibration or silent; please power it down or off. During this jury selection process, you must leave it off. (Pause for thirty seconds to allow them to comply, then tell them the following:)

During this jury selection process and during the trial, it is important that all the information you receive about the case comes from the courtroom. So, from now on until you are discharged from the case you may not discuss this case with anyone and that includes the other potential jurors, except during deliberations if you are selected as a juror. However, you may tell your family, close friends, and other people about your participation in this trial, but only so they will know when you are required to be in court. If you do that, please warn them not to ask you about this case or try to tell you anything they know or think they know about it, or discuss this case in your presence.

Also, just as importantly, you must not communicate any information at all about the case to anyone by any means, directly or indirectly, in face-to-face conversation or by any digital media.

If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by the opinions of people other than the other jurors. That would not be fair to the parties and it would result in a verdict that is not based entirely on the evidence in court and the law the court gives you.

It is very important that you abide by these rules. Failure to follow these instructions, and indeed any instructions the court gives you during the trial could result in the case having to be retried. And failure to follow these and the court's other instructions could result in you being held in contempt of court and punished accordingly.

Those of you who are selected to try this case will receive similar instructions as we go through the trial.

Are there any of you who cannot or will not abide by these rules concerning communication with others during this trial? (Then continue with voir dire.)

Model Civ. Jury Instr. 8th Cir. 1.01 (2023), Model Civ. Jury Instr. 8th Cir. 1.01 (2023)

Submitted by Defendant.

1.02 Explanatory: Recess at End of Voir Dire

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you earlier.

You must decide this case only from the evidence received by the court here in the courtroom and the instructions on the law that I give you.

Do not read any newspaper or other written account, watch any televised account or streamed video account, or listen to any streamed internet or radio program on the subject of this trial.

Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, its general subject matter, or the law.

You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly, based solely on the evidence received in court and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I might not repeat these things to you before every recess, but keep them in mind until you are discharged.

Model Civ. Jury Instr. 8th Cir. 1.02 (2023), Model Civ. Jury Instr. 8th Cir. 1.02 (2023)

Submitted by Defendant.

1.03 Explanatory: General; Nature of Case; Duty of Jury; Cautionary

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions — those I give you now and those I give you later — whether they are in writing or given to you orally - are equally important and you must follow them all.

[Describe your court's digital electronic device policy, such as "You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices] in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You must give them to the [bailiff] [deputy clerk] [court security officer] for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete."]

Plaintiff Katherine Maria Pinner filed a case in this Court against Defendant, American Association of Orthodontists, with allegations of discrimination in employment on the basis of religion. Defendant denies all of Plaintiff's allegations.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

Model Civ. Jury Instr. 8th Cir. 1.03 (2023), Model Civ. Jury Instr. 8th Cir. 1.03 (2023)


Submitted by Defendant.

1.04 Explanatory: Evidence; Limitations

When I use the word "evidence," I mean the testimony of witnesses, documents and other things I receive as exhibits, facts that I tell you the parties have agreed are true, and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not evidence.

2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits are not evidence.

3. Objections are not evidence. Lawyers have a right - and sometimes a duty - to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections.

If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it [unless I specifically tell you otherwise].

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for. You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

Model Civ. Jury Instr. 8th Cir. 1.04 (2023), Model Civ. Jury Instr. 8th Cir. 1.04 (2023)

Submitted by Defendant.

1.05 Explanatory: Bench Conferences and Recesses

During the trial, I will sometimes need to talk privately with the parties. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the parties. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

Model Civ. Jury Instr. 8th Cir. 1.05 (2023), Model Civ. Jury Instr. 8th Cir. 1.05 (2023) (modified)


Submitted by Defendant.

1.06 Explanatory: No Transcript Available [Note-Taking]

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you must pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, however, you may take notes to help you remember what the witnesses say. If you take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. The Clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them.

When you leave at night, your notes will be locked up and returned to you when you return. When the trial is over your notes will be destroyed. They will not be read by anyone other than you.

Model Civ. Jury Instr. 8th Cir. 1.06 (2023), Model Civ. Jury Instr. 8th Cir. 1.06 (2023)


Submitted by Defendant.

1.08 Explanatory: Conduct of the Jury

Jurors, to make sure this trial is fair to both parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the trial when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to the [bailiff] [deputy clerk]. (Describe person.)

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case - not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side - even if it is just about the weather - that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, please understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court. But you must warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. Remember: You must not communicate with anyone in any manner about anything or anyone, including the court, related to this case.

You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again.

During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case.

*Sixth*, do not do any research or investigate the case facts or the law— on the Internet, in libraries, newspapers, dictionaries or otherwise. Do not visit or view any place discussed in

this case, and do not use the Internet or other means to search for or view any place discussed in the testimony.

*Seventh*, do not read or otherwise receive any information, including any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports, or digital streaming, about the case or about anyone involved with it. In fact, until the trial is over I suggest that you reduce or limit reading or receiving any digital streaming or any newspapers or news journals, and avoid listening to any television or radio newscasts at all. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you want, you can have someone collect information or clip out any stories and set them aside to give to you after the trial is over. I assure you, that by the time you have heard all the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial before an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so. If you do not, the case might have to be retried, and you could be held in contempt of court and possibly punished.

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

*Ninth*, it is important that you discharge your duties as jurors without discrimination or bias against any party, witness, or counsel on account of that person's race, color, ethnicity, national origin, religion, lack of religion, gender, gender identity, sexual orientation, disability, or economic circumstances.

Model Civ. Jury Instr. 8th Cir. 1.08 (2023), Model Civ. Jury Instr. 8th Cir. 1.08 (2023)

Submitted by Defendant.

1.09 Explanatory: Outline of Trial

The trial will proceed in the following manner:

Plaintiff has chosen to represent herself. First, the plaintiff may make an opening statement. Next, the defendant's lawyer may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the parties expect you will see and hear during the trial.

After opening statements, the plaintiff will then present evidence. The defendant's lawyer will have a chance to cross-examine the plaintiff's witnesses. After the plaintiff has finished presenting her case, the defendant may present evidence, and the plaintiff will have a chance to cross-examine its witnesses.

After you have seen and heard all of the evidence from both sides, the parties will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence. Before the closing arguments, I will instruct you further on the law. After the parties' arguments and after the court's instructions you will go to the jury room to deliberate and decide on your verdict.

Model Civ. Jury Instr. 8th Cir. 1.09 (2023), Model Civ. Jury Instr. 8th Cir. 1.09 (2023)(modified)


Submitted by Defendant.

2.01 Explanatory: Duties of Jury; Recesses

During this recess, and every other recess, do not discuss this case among yourselves or
with anyone else, including your family and friends. Do not allow anyone to discuss the
case with you or within your hearing. "Do not discuss" also means do not e-mail, send text
messages, blog or engage in any other form of written, oral or electronic communication,
as I instructed you before.

Do not read or listen to any statements about this trial in any method of communication,
including any newspaper or other written account, any televised account, any radio
program, any digital streaming or other production, on the Internet or elsewhere. Do not
conduct any Internet research or consult with any other sources about this case, the people
involved in the case, or its general subject matter. You must keep your mind open and free
of outside information. Only in this way will you be able to decide the case fairly based
solely on the evidence and my instructions on the law. If you decide this case on anything
else, you will have done an injustice. It is very important that you follow these instructions.

As I instructed you earlier, it is important that you discharge your duties as jurors without
discrimination or bias regarding any party, witness, or counsel on account of race, color,
ethnicity, national origin, religion, lack of religion, gender, gender identity, sexual
orientation, disability, or economic circumstances.

I may not repeat these things to you before every recess, but keep them in mind throughout
the trial.

Model Civ. Jury Instr. 8th Cir. 2.01 (2023), Model Civ. Jury Instr. 8th Cir. 2.01 (2023)


Submitted by Defendant.

2.03 Explanatory: Stipulated Facts

The plaintiff and the defendant have stipulated - that is, they have agreed - that [certain facts are as counsel have just stated] [the following facts are true]. You must, therefore, treat those facts as having been proved.

Model Civ. Jury Instr. 8th Cir. 2.03 (2023), Model Civ. Jury Instr. 8th Cir. 2.03 (2023)


Submitted by Defendant.

Instruction No. _____

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you additional instructions.

You have to follow all of my instructions - the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of the trial.

You will have copies of the instructions I am about to give you now in the jury room. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

Model Civ. Jury Instr. 8th Cir. 3.01 (2023), Model Civ. Jury Instr. 8th Cir. 3.01 (2023)


Submitted by Defendant.

Instruction No. _____

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

Model Civ. Jury Instr. 8th Cir. 3.02 (2023), Model Civ. Jury Instr. 8th Cir. 3.02 (2023)


Submitted by Defendant.

Instruction No. _____

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

[In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent mis-recollection, or a lapse of memory, or an intentional falsehood. That may depend on whether it has to do with an important fact or only a small detail.]

Model Civ. Jury Instr. 8th Cir. 3.03 (2023), Model Civ. Jury Instr. 8th Cir. 3.03 (2023)

Submitted by Defendant.

Instruction No. _____

You must decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

Model Civ. Jury Instr. 8th Cir. 3.04 (2023), Model Civ. Jury Instr. 8th Cir. 3.04 (2023)


Submitted by Defendant.

Instruction No. _____

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, your verdict must be the unanimous decision of all jurors. Therefore, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be true. Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a unanimous verdict. Remember you are not for or against any party. You are judges - judges of the facts. Your only job is to study the evidence and decide what is true.

*Third,* during your deliberations, including during any recess taken during deliberations, you must not, directly or indirectly, communicate with or provide any information to anyone by any means or by any medium, about anything relating to this case, until I accept your verdict and discharge you from further service in this case.

*Fourth,* as stated in my instructions at the beginning of the trial, you may not in any manner seek out or receive any information about the case from any source other than the evidence received by the court and the law of the case I have provided to you. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

*Fifth,* if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the bailiff and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone — including me — how many jurors are voting for any side.

*Sixth*, nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. [The form reads: (read form)]. You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the bailiff that you are ready to return to the courtroom.

Model Civ. Jury Instr. 8th Cir. 3.07 (2023), Model Civ. Jury Instr. 8th Cir. 3.07 (2023)

Submitted by Defendant.

Instruction No. _____

If you find in favor of the plaintiff under Instruction_____, then you must answer the following question in the verdict form: Has it been proved that the defendant would have failed to accommodate plaintiff regardless of the plaintiff's religion?

Model Civ. Jury Instr. 8th Cir. 5.01 (2023), Model Civ. Jury Instr. 8th Cir. 5.01 (2023)

Submitted by Defendant.

Instruction No. _____

You may not return a verdict for the plaintiff just because you might disagree with the defendant's conduct or believe it to be harsh or unreasonable.


Model Civ. Jury Instr. 8th Cir. 5.02 (2023), Model Civ. Jury Instr. 8th Cir. 5.02 (2023)


Submitted by Defendant.

Instruction No. _____

If you find in favor of the plaintiff under Instruction____ and if you answer "no" in response to Instruction ____, then you must award the plaintiff such sum as you find will fairly and justly compensate the plaintiff for any damages you find the plaintiff sustained as a direct result of defendant's offered accommodations to Plaintiff. The plaintiff's claim for damages includes two distinct types of damages and you must consider them separately:

*First*, you must determine the amount of any wages and fringe benefits the plaintiff would have earned in her employment with the defendant if she had not resigned effective August 11, 2021 through the date of your verdict, *minus* the amount of earnings and benefits that the plaintiff received from other employment during that time.

*Second*, you must determine the amount of any other damages sustained by the plaintiff, such as [list damages supported by the evidence]. You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

You are also instructed that the plaintiff has a duty under the law to "mitigate" her damages — that is, to exercise reasonable diligence under the circumstances to minimize her damages. Therefore, if you find that the plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to her, you must reduce her damages by the amount she reasonably could have avoided if she had sought out or taken advantage of such an opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

Model Civ. Jury Instr. 8th Cir. 5.70 (2023), Model Civ. Jury Instr. 8th Cir. 5.70 (2023) (modified)

Submitted by Defendant.

Instruction No. _____

As used in these instructions, the plaintiff's religion was a "motivating factor," if the plaintiff's religion played a part in the defendant's decision to require Plaintiff's in-person attendance in compliance with the St. Louis City "mask mandate" at particular sessions of the CCON conference. However, the plaintiff's religion need not have been the only reason for the defendant's decision to require the attendance of the Plaintiff.

Model Civ. Jury Instr. 8th Cir. 5.21 (2023), Model Civ. Jury Instr. 8th Cir. 5.21 (2023)

Submitted by Defendant.

Instruction No. _____

Your verdict must be for plaintiff Katherine Maria Pinner and against defendant American Association of Orthodontists on plaintiff's claim of Title VII religious discrimination if all the following elements have been proved:

*First*, the defendant made the plaintiff's working conditions intolerable, and

*Second*, the plaintiff's religion was a motivating factor in the defendant's actions, and

*Third*, the defendant acted with the intent of forcing the plaintiff to quit.

If any of the above elements has not been proved, your verdict must be for the defendant and you need not proceed further in considering this claim.

Working conditions are intolerable if a reasonable person in the plaintiff's situation would have deemed resignation the only reasonable alternative.

Model Civ. Jury Instr. 8th Cir. 5.41 (2023), Model Civ. Jury Instr. 8th Cir. 5.41 (2023)

Submitted by Defendant.

Instruction No. _____

Title VII requires employers to make reasonable accommodations for their employees' beliefs and practices, unless doing so would result in "undue hardship". To prevail on a claim of religious discrimination based on a theory of failure to accommodate, Plaintiff must prove each of the following elements by the greater weight of the evidence:

(1) Plaintiff had a bona fide religious belief that conflicts with an employment requirement;

(2) Plaintiff informed defendant of this belief; and

(3) Plaintiff was disciplined for failing to comply with the conflicting requirement of employment.

If plaintiff fails to prove any of these three elements by the greater weight of the evidence, then you must return a verdict in favor of defendant, and you do not need to consider plaintiff's religious accommodation claim any further.

*See generally Groff v. DeJoy*, 600 U.S. 447, 143 S. Ct. 2279, 216 L. Ed. 2d 1041 (2023); *Ringhofer v. Mayo Clinic, Ambulance*, 102 F.4th 894, 900 (8th Cir. 2024).

Submitted by Defendant.

Instruction No. _____

If you find by the greater weight of the evidence that defendant failed to accommodate a sincerely held religious belief of plaintiff, defendant has the opportunity to prove by the greater weight of the evidence that:

1. Defendant offered a reasonable accommodation to plaintiff's religious practice; or

2. Defendant was unable to reasonably accommodate plaintiff's religious practice without undue hardship on the conduct of its business.

In this case, defendant contends that it attempted to reasonably accommodate plaintiff by offering her accommodations to reduce or wholly eliminate the conflict between her alleged religious beliefs and the requirements of her job. An employer is not required to make any particular accommodation, nor must it adopt the accommodation preferred by the employee. The law requires that both the employer and employee cooperate to resolve the religion-work conflict. An accommodation that wholly eliminates the conflict between the plaintiff's religion and work requirements is presumed reasonable as matter of law. However, a reasonable accommodation might not eliminate the conflict or fully satisfy the religious convictions of an employee. What is reasonable depends on the totality of the circumstances and therefore might, or might not, require elimination of a particular fact-specific conflict. If a reasonable accommodation was offered, the inquiry ends. An employer need not further show that each of the employee's alternative accommodations would result in undue hardship. If you determine that defendant reasonably accommodated plaintiff's religious needs, then you must decide in favor of defendant.

Even if you do not determine that defendant reasonably accommodated plaintiff's religious practice, you must decide in favor of defendant if you find that defendant has proven by the greater weight of the evidence that it was unable to reasonably accommodate plaintiff's religious practice without undue hardship on the conduct of its business.

In deciding whether defendant has shown an undue hardship, you should understand that an accommodation causes an undue hardship under the law whenever it results in a burden that is substantial in the overall context of an employer's business. Whether a hardship is substantial in the context of an employer's business should be determined in a common-sense manner.

*Sturgill v. United Parcel Serv., Inc.*, 512 F.3d 1024 (8th Cir. 2008); *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 107 S. Ct. 367, 93 L. Ed. 2d 305 (1986); *Groff v. DeJoy,* 600 U.S. 447, 143 S. Ct. 2279, 216 L. Ed. 2d 1041 (2023).

Submitted by Defendant.

VERDICT

**Note:** Complete the following paragraph by writing in the name required by your verdict.

On the religious discrimination claim of plaintiff Katherine Maria Pinner, as submitted in Instruction_____, we find in favor of:

_____

(Plaintiff Katherine Maria Pinner) or (Defendant American Association of Orthodontists)

**Note:** Answer the next question only if the above finding is in favor of the plaintiff. If the above finding is in favor of the defendant, have your foreperson sign and date this form because you have completed your deliberations on this claim.

Has it been proved that the defendant would have opposed plaintiff's preferred accommodations to its COVID-19 policies regardless of her religion?

Yes_____     No_____     (Mark an "X" in the appropriate space)

**Note:** Complete the following paragraphs only if your answer to the preceding question is "no." If you answered "yes" to the preceding question, have your foreperson sign and date this form because you have completed your deliberations on this claim.

We find the plaintiff's lost wages and benefits through the date of this verdict to be:

$_____  (stating the amount or, if none, write the word "none").

We find the plaintiff's other damages, excluding lost wages and benefits, to be:

$ _____  [or, if you find that the plaintiff's damages do not have a monetary value, write the nominal amount of One Dollar ($1.00)]).

Foreperson_____

Dated: _____

Model Civ. Jury Instr. 8th Cir. 5.80 (2023), Model Civ. Jury Instr. 8th Cir. 5.80 (2023)

Submitted by Defendant.