IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHERINE MARIA PINNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  4:22-cv-00870-CDP |
| ) | |
| AMERICAN ASSOCIATION OF ) | |
| ORTHODONTISTS, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OBJECTIONS, REQUEST FOR MODIFICATION, AND/OR SUPPLEMENTATION OF PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

COMES NOW Defendant American Association of Orthodontists, by and through its attorneys, Fox Smith, LLC, and makes the following Objections, Request for Modification, And/or Supplementation of Plaintiff's Proposed Jury Instructions:

Plaintiff is pursuing a religious discrimination and/or failure to accommodate claim. As a threshold matter, Plaintiff has submitted numerous instructions from the model instructions that are inapplicable and/or not properly formatted for the claims asserted. Although the Court's Order Relating to Trial (Court Doc. No. 78) allowed for additional or modified instructions, Defendant is submitting this memorandum setting forth its objections to Plaintiff's proposed instructions, appropriate revisions, or additional instructions where appropriate.

    **I.**    **Removal of Excessive and Unnecessary References to "Pro Se, Self-Represented Plaintiff"**

AAO objects and seeks modification of Plaintiff's proposed jury instructions to the extent they excessively and unnecessarily reference "Pro Se, Self-Represented Plaintiff" throughout. In its proposed instructions, Defendant has already submitted a proposed modification of "1.09 Explanatory: Outline of Trial" that briefly and neutrally explains to the jury why Plaintiff is

participating without an attorney: "Plaintiff has chosen to represent herself. First, the plaintiff may make an opening statement. . ." Defendant has elsewhere modified the instruction for side-bars (1.05) to indicate the Court will be speaking with the parties (versus attorneys) lest the jury conclude the Court is excluding the Plaintiff from such conversations.

Beyond those clarifications, the continual references to Plaintiff's status of representation have no substantive import for the instructions and is unwarranted. If Plaintiff prefers, the term parties may be substituted for attorneys where appropriate. However, multiple of Plaintiff's proposed instructions suggest the Court should cumulatively remind the jury that Plaintiff is representing herself, which is not only unnecessary, but improperly suggests to the jury that Plaintiff's decision to represent herself merits the jury's consideration in its deliberations. "[J]ury instructions must correctly state the law, cannot be misleading, and should cover all issues submitted to the jury for decision." *See Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 389 (8th Cir. 2016) (for general standard for instructions). At least one District Court in our Circuit has expounded on the obvious prejudice to defendants in interjecting a plaintiff's pro se status in the motion in limine context:

> Plaintiff's pro se status does not make any fact of consequence to defendant's negligence more or less probable. Fed. R. Evid. 401–402. Even if relevant, evidence of pro se status may cause unfair prejudice to the opposing party, by tempting the jury to decide defendant's liability based solely on plaintiff's "underdog" status. Fed. R. Evid. 403. That evidence may also waste the jury's time, because the jury could observe plaintiff's lack of counsel. Nevertheless, it will be obvious to the jury that plaintiff is representing herself. That fact cannot be disguised. On the other hand, plaintiff has chosen to represent herself and is entitled to no special treatment or consideration by the jury because of her pro se status.

*See Pozeck v. Menards, Inc.*, No. 20-CV-77-CJW-MAR, 2021 WL 7185230, at *4 (N.D. Iowa Dec. 20, 2021) (holding motion in abeyance for objection to specific evidence from plaintiff).

Just as Plaintiff's (for now) hypothetical introduction of her pro se status as evidence would

2

be objectionable, repeatedly injecting it into the explanatory jury instructions is misleading as to what the jury should properly consider and unjustifiably prejudicial in its tendency to paint the Plaintiff in an unwarranted sympathetic light based on her decision regarding counsel. Examples of instructions including the cumulative reference are the following explanatory instructions: 1.05, 1.07, 1.08, 1.09, 2.01, and 2.14. AAO requests that such references be removed and that the Court adopt the minimal modifications to 1.05 and 1.09 submitted by Defendant which do not give undue weight to Plaintiff's decision to represent herself.

**II.     Removal of References to Plaintiff's "strongly/sincerely held religious belief"**

As with Plaintiff's numerous references to her self-represented status, Plaintiff's proposed jury instructions include numerous references to her "strongly/sincerely held religious belief" that are simply unnecessary and improperly suggest to the jury that there is particular merit in Plaintiff's claim because of the strength and sincerity of her religious convictions. Defendant has already stipulated that Plaintiff states her strongly/sincerely held religious belief as American Traditional Christian, Croatian Roman Catholic. While AAO does not doubt Plaintiff's assertion is sincere, it is still for the jury to determine whether Plaintiff's belief conflicts with an employment requirement. *See Jones v. TEK Indus., Inc.*, 319 F.3d 355, 359 (8th Cir. 2003) (for elements of prima facie claim). Plaintiff's proposed instructions, in emphasizing the sincerity of her beliefs puts an irrelevant emphasis on an aspect of the case AAO has already indicated in its trial brief will not be disputed in its case theory. It is for the jury to decide if Plaintiff's religious beliefs conflicted with AAO's policies, whether it would have made the same decisions it did regardless of Plaintiff's religion, and whether Plaintiff was offered reasonable accommodation in the circumstances. Accordingly, AAO requests that the Court remove Plaintiff's unnecessary references to "strongly/sincerely held religious belief" from the jury instructions (including 5.01,

3

all versions of 5.4, 5.41, 5.72, 5.8, 8.41, 8.72, and 8.80) as they are irrelevant to the instruction and render the instructions misleading. See *Kozlov*, 818 F.3d at 389.

### III. Removal of Plaintiff's Proposed Jury Instruction 2.14 as to Deposition Evidence

As noted above, Plaintiff has construed her proposed 2.14 to include a reference to herself as a "Pro se, Self-Represented Plaintiff". Defendant believes 2.14 may have been included in error, along with a vast number of other inapplicable explanatory instructions. However, given that Plaintiff has modified this instruction, it appears Plaintiff may actually wish to instruct the jury about how to address deposition testimony. This instruction is inappropriate as no depositions have been taken in this case. Per 2.14, "A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial." *See* Model Civ. Jury Instr. 8th Cir. 2.14 (2023), Model Civ. Jury Instr. 8th Cir. 2.14 (2023) It is wholly inapplicable for any purpose Plaintiff might wish to use it. To the extent it is anticipated Plaintiff intends to introduce one recording of a news clip playing on her laptop as well as an internet video of the late Venerable Archbishop Fulton Sheen as evidentiary exhibits, Defendant has properly objected to the admissibility of these exhibits for lack of foundation and hearsay. Moreover, neither of these materials are sworn testimony under oath. These materials, and any like them, are not admissible let alone deserving of the weight of such testimony by the jury. The jury should not be instructed to treat them as such. Accordingly, AAO requests that Plaintiff's instruction 2.14 be removed.

### IV. Removal of Plaintiff's Proposed Jury Instruction on Punitive Damages

Plaintiff has attempted to submit jury instructions for punitive damages. However, punitive damages should not be submitted to a jury if the Defendant demonstrated good faith efforts to respond to the Plaintiff's complaints, or in this case, her request for accommodation. *See Dominic v. DeVilbiss Air Power Co.*, 493 F.3d 968, 976 (8th Cir. 2007). Especially in this situation:

4

> Punitive damages are inappropriate if the employer was unaware of the federal prohibition, or if the plaintiff's underlying theory of discrimination was novel or poorly recognized, or if the employer reasonably believed that its discrimination satisfied a bona fide occupational defense. Moreover, even if particular agents exhibited malice or reckless indifference, the employer may avoid vicarious punitive damages liability by showing that it made good faith efforts to comply with Title VII. Given these stringent standards, plaintiffs face a "formidable burden" when seeking punitive damages for employment discrimination.

*Sturgill v. United Parcel Serv., Inc.*, 512 F.3d 1024, 1035 (8th Cir. 2008) (citations omitted). Here, AAO intends to present evidence which together with the exhibits now before the Court, establishes that AAO held a reasonable belief that it was complying with Title VII and offering Plaintiff reasonable accommodations to her asserted religious beliefs despite her rejection of those options. Whether or not a jury will ultimately agree that AAO's efforts to accommodate Plaintiff were satisfactory, there is no evidence to suggest malice or reckless indifference by AAO to Plaintiff's rights. The issue of punitive damages should not be submitted to the jury in this case.

The inability to submit such a claim in this case is underscored by a review of the model instruction at 5.72. Section 4 of the instruction asks the jury to determine the reprehensibility of the defendant's conduct. However, the comments on the instruction, at footnote 11, specify that "Punitive damages should only be awarded if the defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence." Model Civ. Jury Instr. 8th Cir. 5.72 (2023), Model Civ. Jury Instr. 8th Cir. 5.72 (2023) (quotation omitted). Further, footnote 12 provides that the bracketed items in subpart 1 that are not supported by evidence should be excluded. *Id.* Here, there is nothing applicable in the bracketed language to submit to the jury which is plausibly supported by the evidence. Accordingly, AAO respectfully requests that both of Plaintiff's proposed punitive damages instructions (5.72 and 8.72) be removed from the jury instructions to be submitted to the

jury.

At minimum, if the Court disagrees and believes that Plaintiff has sufficient evidence to submit a case for punitive damages, Defendant would request that its modified jury instructions be given as attached as **Exhibit A** for religious discrimination or **Exhibit B** for harassment hereto, with such language as the Court finds should be considered for purposes of reprehensibility (left in brackets). Notably, AAO's proposed supplemental instructions set forth the good faith aspect the jury may also consider to decide not to award punitive damages which was omitted from Plaintiff's proposed instructions.

**V. Removal of Plaintiff's Duplicative Jury Instruction 5.40 on the Elements of Constructive Discharge**

Plaintiff has submitted two competing verdict directors for her constructive discharge claim. Her first, at 5.40, does not fully explain the legal elements of "constructive discharge" for the jury. Her second, 5.41 is the model instruction provided specifically for constructive discharge, and is the same, albeit with slightly different choices in the permissive language, that Defendant itself has submitted on the issue of constructive discharge. "To prove constructive discharge, a plaintiff must show: (1) '[s]he was discriminated against by [her] employer to the point where a reasonable person in [her] position would have felt compelled to resign,' and (2) '[she] actually resigned.'" *Norgren v. Minnesota Dep't of Hum. Servs.*, 96 F.4th 1048, 1056 (8th Cir. 2024). Put more similarly to the model jury instruction 5.41, Plaintiff must show that "(1) a reasonable person in her situation would find the working conditions intolerable, and (2) the employer intended to force her to quit. *Bell v. Baptist Health*, 60 F.4th 1198, 1203 (8th Cir. 2023). "The bar to show constructive discharge is high." *Id.*

A central aspect for the jury's determination in this case is whether Plaintiff's abrupt resignation was reasonable in response to AAO offering Plaintiff the ability to attend most of the

6

CCON conference remotely but asking her to attend certain sessions in person. Especially in light of this focal issue, Instruction 5.41 is the more appropriate instruction to articulate Plaintiff's burden she must prove. Accordingly, AAO requests that the Court remove Plaintiff's duplicative instruction for constructive discharge at 5.40 and submit an appropriate variation of 5.41 to the jury, which instruction more appropriately includes the full elements of Plaintiff's burden for constructive discharge.

### VI.   Removal of Plaintiff's Deficient Instruction on Disparate Treatment

Plaintiff's disparate treatment jury instruction, as presented, should be removed as improper. Simply stating that "the defendant singled the plaintiff out for disparate treatment" is wholly insufficient to inform the jury of the specific decision the jury is being asked to decide factually.

Additionally, Plaintiff does not have any submissible disparate treatment case under the law. "To make a prima facie showing of discrimination, [plaintiff] must prove that: (1) [s]he is a member of a protected class; (2) [s]he met the legitimate expectations of [her] employer; (3) [s]he suffered an adverse employment action; and (4) similarly situated employees that were not members of the protected class were treated differently. *See Philip v. Ford Motor Co.*, 413 F.3d 766, 768 (8th Cir. 2005) (in race discrimination context). Plaintiff has no evidence that a similarly situated *employee* was treated differently than her in any regard. Her ongoing complaint is and was that certain of AAO's dues paying members could be accommodated in a manner she could not for attendance at a conference. These persons are not similarly situated nor are they even employees. Plaintiff has identified no other employment decision or policy that was even arguably applied differently as to her from a similarly situated employee on the basis of religion.

Accordingly, AAO requests that Plaintiff's proposed verdict director either be removed as

7

not submissible and/or deficient, or at minimum, corrected to specify the facts she intends to establish for the jury's determination. Additionally, if the Court intends to let Plaintiff proceed on this theory, then AAO respectfully requests that the supplemental proposed case law instruction, attached hereto as **Exhibit C**, be submitted to the jury as well, which provides Plaintiff's burden to demonstrate a similarly situated employee comparator was treated differently on the basis of religion.

### VII. Removal of Demotion Verdict Director

Plaintiff has submitted a religious discrimination verdict director claiming that the adverse employment action she suffered was demotion. However, there is no evidence whatsoever to support a claim that Plaintiff was demoted from her position as Director of Education at any time during her employment with AAO. A submissible case requires substantial evidence of the elements to be proven. *See Scott v. Dyno Nobel, Inc.*, 108 F.4th 615, 627 (8th Cir. 2024). The jury instructions, taken as a whole, must fairly and adequately represent the evidence and applicable law in light of the issues presented to the jury. *Id.* at 628. There is no evidence in the record that would remotely suggest Plaintiff can claim she was demoted in any manner. Accordingly, AAO requests that this version of Plaintiff's instruction 5.40 be removed as not submissible and unsupported by the evidence.

### VIII. Removal of Failure to Accommodate Verdict Director

Plaintiff's verdict director for failure to accommodate misstates the law and thus should be removed and/or supplemented with Defendant's proposed jury instructions on failure to accommodate. Plaintiff's instruction would allow the jury to find in her favor simply if AAO failed to accommodate her religion without any consideration for whether Plaintiff actually suffered any damages in the form of an adverse employment action. Plaintiff's burden is to prove (1) that she

8

had a bona fide religious belief that conflicts with AAO's employment requirement, (2) that she informed AAO of this belief, and (3) that she was disciplined for failing to comply with the conflicting requirement of employment. *See Ringhofer v. Mayo Clinic, Ambulance*, 102 F.4th 894, 900 (8th Cir. 2024). In other words, Plaintiff's case, properly submitted, requires her to prove multiple elements, including whether she was constructively discharged. Plaintiff's proposed instruction unjustifiably collapses her burden to prove disputed facts. Accordingly, AAO requests that Plaintiff's proposed instruction be removed or modified by substitution of the failure to accommodate instructions previously submitted by Defendant.

### IX. Removal of Plaintiff's Harassment Claim Verdict Director and Form

Plaintiff's proposed jury instructions include a harassment/hostile work environment verdict director which was heretofore not known by Defendant to be construed as a separate claim from Plaintiff's dismissed retaliation claim and/or her disparate treatment claim. This new claim was apparently also unknown to the Court, as the Court previously addressed Plaintiff's allegations she styles "harassment" only in relation to her disparate treatment claim in its Order on Defendant's Motion for Summary Judgment. *See* Court Doc No. 77, p. 8-9, n. 7. As the Court properly notes in its Order, the conduct alleged to be "harassment" was related to the accommodation discussion between Plaintiff and AAO. First, Defendant has seen no evidence presented from Plaintiff that would support Plaintiff's religion was mocked, that there was anything remotely related to a threat of physical punishment which occurred, or that any overtime requirement (in Plaintiff's salaried position) was imposed on Plaintiff in relation to her requested accommodation.

To the extent Plaintiff made conclusory allegations about harassment in her Amended Complaint, these conclusory claims, which she now advances in her verdict director, are

9

nevertheless insufficient for a separate submissible case of hostile work environment. Allegations that can be characterized as verbal harassment and increased scrutiny are not sufficiently severe or pervasive to constitute a hostile work environment. *See, e.g., O'Brien v. Dep't of Agric.*, 532 F.3d 805, 809 (8th Cir. 2008); *compare also Al-Zubaidy v. TEK Indus., Inc.*, 406 F.3d 1030, 1039 (8th Cir. 2005) (no hostile work environment based on religion or other factors based on infrequent offensive utterances that did not interfere with work performance). Plaintiff appears to be offended solely that AAO sought to reconcile whether a clear mask would be a feasible accommodation in light of her prior face covering usage and the disconnect between the articulated beliefs and requested accommodation. Plaintiff should not be permitted to submit a verdict director or forms for hostile work environment based on harassment that amounts solely to her distaste for the interactive process.

## X.     **Removal of Unnecessary Explanatory Instructions**

Finally, Plaintiff has submitted a number of explanatory instructions that do not appear necessary at this juncture of the case and may be supplemented upon further conference or at the Court's discretion if applicable situations arise. *See, e.g.* Plaintiff's instructions, including but not limited to, 1.00, 2.00, 2.2, 2.04, 2.05-2.15, 3.00 3.05, 3.06, and 3.08. Some of these instructions, i.e. for expert witnesses or life expectancy, do not pertain to this case or otherwise do not apply to a Title VII case and need not be included at all. AAO requests that such instructions be modified only to the extent that they be held or omitted until such time as they become relevant.

WHEREFORE, Defendant American Association of Orthodontists respectfully requests the foregoing modifications and supplements to jury instructions specified herein, be given by the Court to the jury.

FOX SMITH, LLC


By:   /s/ Thomas J. Smith
Thomas J. Smith, #41353MO
tsmithfoxsmithlaw.com
Margaret D. Gentzen, #64862MO
mgentzen@foxsmithlaw.com
Jessica M. Reis, #69290MO
jreis@foxsmithlaw.com
One Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
(314) 588-1965 (Fax)

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 26, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

<u>Via E-Mail and U.S. Mail</u>

Katherine Maria Pinner
9852 Knollshire Drive
St. Louis, MO 63123
E-Mail: pinnerkay1285@aol.com

PLAINTIFF PRO SE

                                            /s/ Thomas J. Smith